IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-CV-2880-GPG

LILA WEBB

    Plaintiff,

v.

OFFICER CARA MCGEENEY, in her individual capacity;
COMMUNITY PAROLE OFFICER RHIANNON ADAMS, in her individual capacity

    Defendants.

## DEFENDANT'S ANSWER AND JURY DEMAND

Defendant, **OFFICER CARA MCGEENEY,** by and through her attorney, **ERIC M. ZIPORIN, ESQ.**, of the law firm **SGR, LLC**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answers and responds to Plaintiff's Complaint ("Complaint") as follows:

## ANSWER

1. Defendant admits the allegations set forth in paragraphs 9, 11, 16, 18, 20, 21, 23, 33, and 35 of Plaintiff's Complaint.

2. Defendant denies the allegations set forth in paragraphs 28, 38, 39, 40, 41, 42, 43, 44, 45, 46, 56, 57, 58, 59, 60, 61, 62, 63, 68, 69, 70, 71 and 72 of Plaintiff's Complaint.

3. Defendant is without sufficient knowledge or information to form a belief as to the veracity of the allegations set forth in paragraphs 4, 8, and 31 of Plaintiff's Complaint and, as such, denies the same.

4. Defendant does not respond to the allegations contained in paragraphs 3, 30, 36, 48, 65, 66, and 67 of Plaintiff's Complaint as said paragraphs contain no facts to which a response is required. To the extent a response is required, Defendant denies the same.

5. With regard to the allegations set forth in paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff was seized and that the justification for the search of the vehicle was information she received and relied upon from Defendant Adams that Michael Sizemore had been in the vehicle and Defendant Adams could therefore search the vehicle. Defendant denies the remaining allegations in said paragraph.

6. With regard to the allegations set forth in paragraph 2 of Plaintiff's Complaint, Defendant admits Plaintiff was not on parole as of the date of her arrest. Defendant admits that she reasonably relied on statements from Defendant Adams that the car could be searched given Mr. Sizemore's status as a parolee. Defendant admits that she seized Plaintiff based on probable cause for her arrest and conducted a lawful search incident to arrest. Defendant admits that the drugs found in the cannister were inevitably discovered as a result of the arrest. Defendant denies the remaining allegations in said paragraph.

7. With regard to the allegations set forth in paragraphs 5, 6, and 7 of Plaintiff's Complaint, Defendant does not challenge jurisdiction or venue at this time.

8. With regard to the allegations set forth in paragraph 12 of Plaintiff's Complaint, Defendant denies that Defendant Adams "believed that a fourth person, parolee Michael Sizemore, had been a passenger in the silver car earlier that day." Defendant asserts that Defendant Adams knew that parolee Sizemore had been in the car. Defendant admits the remaining allegations in said paragraph.

9. With regard to the allegations set forth in paragraph 13 of Plaintiff's Complaint, Defendant admits she did not have a warrant and that no attempts to obtain one were made, but Defendant asserts that no warrant was needed because reasonable suspicion and eventual probable cause gave rise to search and seize the vehicle and items contained within.

10. With regard to the allegations set forth in paragraph 14 of Plaintiff's Complaint, Defendant admits she did not cite to any exigent circumstances in her report. Defendant asserts that she reasonably relied upon information from Defendant Adams in searching the vehicle. Defendant denies the remaining allegations in said paragraph.

11. With regard to the allegations set forth in paragraph 15 of Plaintiff's Complaint, Defendant denies that she was "displaying" her firearm and TASER on her waist. Defendant admits that she had a firearm and TASER on her utility belt. Defendant admits the remaining allegations in said paragraph.

12. With regard to the allegations set forth in paragraph 17 of Plaintiff's Complaint, Defendant admits the passengers' positioning within the vehicle but is without sufficient information and knowledge as to their parole status. Defendant admits no passenger consented to a search of the vehicle. Defendant admits that Plaintiff consented to a pat-down search. Defendant denies the remaining allegations in said paragraph..

13. With regard to the allegations set forth in paragraph 19 of Plaintiff's Complaint, Defendant admits that a preliminary hearing occurred but denies that she did not have reasonable suspicion or probable cause to believe a crime had occurred or was in progress.

14. With regard to the allegations set forth in paragraph 22 of Plaintiff's Complaint, Defendant admits the actions taken but denies the assertions in this paragraph to the extent that Plaintiff is asserting that an unlawful search and seizure occurred. Defendant admits she performed

these actions for officer safety.

15. With regard to the allegations set forth in paragraph 24 of Plaintiff's Complaint, Defendant denies that she "alleged" to have discovered controlled substances. Defendant admits that controlled substances were found on Plaintiff and in the vehicle. Defendant admits the remaining allegations in said paragraph.

16. With regard to the allegations set forth in paragraph 25 of Plaintiff's Complaint, Defendant admits authoring a report recommending that Plaintiff be charged criminally but denies that Plaintiff was charged as a direct result of those reports. Defendant asserts it is the District Attorney who had authority to charge Plaintiff.

17. With regard to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Defendant admits Defendant Adams told her she was permitted to search the car. Defendant is without sufficient knowledge and information regarding the language in the parole agreement and, as such, denies the same. The remainder of the allegations in said paragraph are not factual in nature and thus do not require a response.

18. With regard to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Defendant admits Mr. Sizemore was not the owner of the vehicle and was not present in the vehicle at the time of the search and seizure. Defendant denies that she was not permitted to search Plaintiff.

19. With regard to the allegations set forth in paragraph 37 of Plaintiff's Complaint, Defendant admits she was aware of the text of the Fourth Amendment but denies that the text serves to clearly establish any conduct as unconstitutional.

20. With regard to the allegations set forth in paragraph 49 of Plaintiff's Complaint, Defendant admits she was aware of the text of the Fourth Amendment but denies that the text

4

serves to clearly establish any conduct as unconstitutional.

21. With regard to the allegations set forth in paragraph 50 of Plaintiff's Complaint, Defendant admits she grabbed the lanyard off Plaintiff, removed it, and searched the cannisters and found illegal drugs, but only after probable cause existed to search them.

22. With regard to the allegations set forth in paragraph 51 of Plaintiff's Complaint, Defendant admits she did not have a warrant to search and seize the lanyard but denies needing consent to search the lanyard and denies that she needed exigent circumstances to search and seize the lanyard. Defendant also denies not having reasonable suspicion to seize the lanyard and denies not having probable cause to search the lanyard.

23. With regard to the allegations set forth in paragraph 53 of Plaintiff's Complaint, Defendant admits ordering Plaintiff to leave her bags inside the car but denies Plaintiff's assertion that the purpose of the order was to search them. Defendant admits she eventually searched the bag once probable cause existed and discovered controlled substances.

24. With regard to the allegations set forth in paragraph 54 of Plaintiff's Complaint, Defendant admits she did not have a warrant to search and seize Plaintiff's bags but denies that she needed one as reasonable suspicion and probable cause existed to search and seize the bags.

25. With regard to the allegations set forth in paragraph 73 of Plaintiff's Complaint, Plaintiff has not asserted an appropriate form of relief and as such no response is required.

26. Defendant does not respond to the allegations in paragraphs 10, 32, 34, 52, 55 of Plaintiff's Complaint as those allegations are directed at Defendant Adams.

27. Defendant hereby incorporates her responses to the allegations that are incorporated and/or re-alleged in paragraphs 29, 47, and 64 of Plaintiff's Complaint.

28. Defendant denies those allegations not expressly admitted herein.

## DEFENSES

1. Probable cause existed to arrest Plaintiff for each crime.

2. Any incriminating evidence obtained is subject to "inevitable discovery."

3. Defendant performed searches incident to a lawful arrest.

4. Defendant reasonably relied on the "fellow officer" rule.

5. Defendant acted in good faith at all relevant times related to Plaintiff's arrest.

6. Defendant is entitled to qualified immunity as to Plaintiff's federal constitutional claims.

7. Defendant is entitled to common law public official immunity.

8. Plaintiff's damages, if any, were proximately caused by her own conduct or the conduct of others and not by reason of any unconstitutional conduct by Defendant.

9. Plaintiff fails to state a claim as C.R.S. § 13-21-131 is unconstitutional.

10. Plaintiff may have failed to mitigate her damages, if any.

11. Plaintiff's damages, if any, are not to the nature and extent alleged.

12. No act or omission of any Defendant caused any violation of the Plaintiff's constitutional rights.

13. Defendant acted reasonably at all times relevant to Plaintiff's Complaint.

14. At all times pertinent herein, Defendant acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

15. Defendants reserve the right to add such defenses as become apparent through discovery.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant prays for judgment in her favor as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Entering judgment in favor of Defendant and against Plaintiff for costs, expert witness fees, and attorney fees; and

C. Such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

**PURSUANT TO FED.R.CIV.P 38, DEFENDANT HEREBY DEMAND A TRIAL TO A JURY ON ALL ISSUES HEREIN JOINED.**

Respectfully submitted,

**SGR, LLC**

*s/ Eric M. Ziporin*
Eric M. Ziporin, # 30133
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
(303) 320-0509
eziporin@sgrllc.com

*Counsel for Defendant Cara McGeeney*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of November, 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT'S ANSWER AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Kevin Mehr
Tyler Jolly
Mehr Jolly, P.L.L.C
9996 W. US. Highway 50, Unit 1090
Salida, CO 81201
Tyler@jollylaw.colorado.com
Kevin.Mehr@mehrjolly.com

7

Jason Kosloski
Kosloski, PLLC
1401 Lawrence Street
Denver, CO 80202
Jkosloski@kosloskilaw.com

*Counsel for Plaintiff*

Amy E. Adams
Joshua G. Urquhart
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Amy.Adams@coag.gov
Joshua.Urquhart@coag.gov

*Counsel for Defendant Rhiannon Adams*

                                                                                                */s/ Laurie O'Neill*
                                                                                                Legal Secretary