IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02880-GPG-MDB

LILA WEBB,

    Plaintiff,

v.

OFFICER CARA MCGEENEY, in her individual capacity;
COMMUNITY PAROLE OFFICER RHIANNON ADAMS, in her individual capacity,

    Defendants.

## DEFENDANT ADAMS'S UNOPPOSED PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## (ECF NO. 1)

Defendant Community Parole Officer Rhiannon Adams, through the Colorado Attorney General, respectfully submits this Unopposed Partial Motion to Dismiss Plaintiff's Complaint against her. (ECF No. 1). In support thereof, Defendant Adams states the following:

**Certificate of Conferral.** Counsel for Defendant Adams conferred with counsel for Plaintiff regarding this Partial Motion to Dismiss. Counsel for Plaintiff stated that they do not oppose the motion.

### RELEVANT FACTS

Plaintiff, Lila Webb, brought this action asserting claims under 24 U.S.C. section 1983 and section 13-21-131, C.R.S. (*See generally* ECF No. 1). In the operative Complaint, Webb alleges that on November 18, 2024, Defendant Cara McGeeney, a Canon City police officer, and Defendant Adams, a community parole officer, searched

her and arrested her without a warrant. (*Id.* at ¶¶ 1, 9-28). She asserts that the search and seizure at issue were conducted in violation of her Fourth Amendment rights. (*Id.* at ¶¶ 29-73). She also brings a substantially similar claim under the Article II, section 7 of the Colorado Constitution, seeking relief under Colorado's "Enhance Law Enforcement Integrity Act" ("ELEIA"), section 13-21-131, C.R.S.

To support her claims, Webb alleges that on November 18, 2024, she was sitting in the front passenger seat of a car parked on First and Main Streets in Canon City. (*Id.* at ¶ 11). The Canon City Parole office is situated at or very near that location.[1] Webb asserts that, based on a belief that parolee Michael Sizemore had been a passenger in the same car earlier that day, Defendant Adams decided to search the car, and she asked Defendant McGeeney to assist her. (*Id.* at ¶ 12). Webb further asserts that, upon their arrival at the car, Defendants ordered the passengers to exit, which they ultimately did. (*Id.* at ¶¶ 20-21). According to Webb, Defendant McGeeney conducted a pat down search, and Defendants also searched her personal effects, locating what they believed to be controlled substances and placing her under arrest. (*Id.* at ¶ 24).

The crux of Webb's claims is that Sizemore's alleged presence in the vehicle before the search and seizure cannot justify the Defendants' conduct under the Fourth Amendment and Article II, Section 7 of the Colorado Constitution; thus she is entitled to relief under section 1983 and ELEIA. However, Webb has not stated an ELEIA claim

---

[1] This Court may take judicial notice of the location of the Canon City Parole Office at 110 Main Street, Canon City, Colorado 81212. It a matter of public record and is not subject to reasonable dispute. *See* No.22-4090, *Clifford v. Dewbury Homes*, No. 22-4090, 72023 WL 2172323, at *2 n. 1 (10th Cir. Feb. 23, 2023).

2

against Defendant Adams because section 13-21-131, by its terms, does not apply to her as a state parole officer.[2]

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. To avoid dismissal, a complaint must set forth factual allegations that, when taken as true, establish a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[2] While this Partial Motion to Dismiss does not address all claims, it tolls Defendant Adams's deadline to answer all claims contained in the Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A); *Kachadoorian v. United Airlines, Inc.*, No. 18-cv-01205-RBJ, 2019 WL1953399, at *2 n.3 (D. Colo. May 2, 2019) (holding that a motion to dismiss under Rule 12, even one that does not challenge all claims in a Complaint, tolls the defendant's obligation to answer until after the motion is decided); *Board of Cnty. Comm'rs, Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. 08-CV-00855-LTB-KMT, 2008 WL 4527736, at *1 (D. Colo. Oct. 3, 2008) (collecting cases from other districts); *Kent v. Geren*, No. 07-cv-02202-ZLW-MJW, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008) (same); *see also, e.g.*, *Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638–39 (N.D. Iowa 2006). Defendant Adams will thus answer any remaining claims following this Court's resolution of the instant Motion. However, in an abundance of caution, if the Court disagrees with the foregoing authorities, Defendant Adams moves in the alternative under Rule 6(b)(1)(A) for an extension of time to submit an answer or other responsive pleading to the Amended Complaint of up to and including fourteen days after the date on the motion is resolved.

## ARGUMENT

ELEIA was enacted in 2020 to create a cause of action against certain law enforcement officers for violations of civil rights, creating a quasi-"state § 1983" action for particular claims against certain government defendants. *See Shash v. City of Pueblo*, 770 F. Supp. 3d 1279, 1306 (D. Colo. 2025) (noting that ELEIA creates a state cause of action that vindicates rights secured by Article II of the Colorado Constitution); *Aguilera-Valdez v. Davenport*, No. 21-cv-01209-STV, 2025 WL 1555772, at *7 (D. Colo. June 2, 2025) (stating that Colorado courts look to section 1983 to help them construe ELEIA). Subsection (1) of the law specifies that it provides a cause of action against "[a] peace officer, as defined in section 24-31-901(3), who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person to the deprivation of any individual rights…" § 13-21-131(1).

Section 24-31-901(3) defines a "peace officer" to be "any person *employed by a political subdivision* of the state *required to be certified by the P.O.S.T. board* pursuant to section 16-2.5-102, a Colorado state patrol officer as described in section 16-2.5-114, and any noncertified deputy sheriff as described in section 16-2.5-103(2)." § 24-31-901(3) (emphasis added). Thus, even assuming that Defendant Adams is required to be P.O.S.T. certified,[3] she is not employed by a "political subdivision" of the state. CDOC is a state agency—not a political subdivision. *See, e.g., Davidson v. Sandstrom*, 83 P.3d 648, 656 (Colo. 2004) (endorsing Black's Law Dictionary's definition of "political

---

[3] Community parole officers and "the department of corrections inspector general" shall be P.O.S.T. certified. § 16-2.5-102, C.R.S.

4

subdivision" as "[a] division of a state that exists primarily to discharge some function of local government"); *see also Aguilar v. Colo. State Penitentiary*, 656 F. App'x 400, 402 (10th Cir. 2016) "The CDOC is an 'arm' or 'instrumentality of the State of Colorado, *rather than a political subdivision of the state*…"). Since Defendant Adams is in not an employee of a political subdivision, she falls outside the scope of section 24-31-901(3), and she is not liable under ELEIA.

## CONCLUSION

For the foregoing reason, and without opposition from Webb, Defendant Adams moves for dismissal of the ELEIA claim against her.

DATED at Denver, Colorado this November 26, 2025.

PHILIP J. WEISER
Attorney General

*s/ Amy E. Adams*
AMY E. ADAMS*
Assistant Attorney General
JOSHUA G. URQUHART*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
E-Mail: amy.adams@coag.gov
    joshua.urquhart@coag.gov
*Counsel of Record for Defendant Adams

5

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the foregoing **DEFENDANT ADAMS'S UNOPPOSED PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) (ECF NO. 1**) upon all parties herein by e-filing with the CM/ECF system maintained by the Court on November 26, 2025, which will cause notification of such filing to be sent to the following:

Kevin Mehr, #49108
Tyler A. Jolly, #52361
Mehr Jolly, P.L.L.C.
9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-315-4606
Kevin.Mehr@mehrjolly.com
Tyler@jollylawcolorado.com

Jason Kosloski, #50214
Kosloski, PLLC
1401 Lawrence Street
Denver, CO 80202
Phone: 720-605-6487
Jkosloski@kosloskilaw.com

*Attorneys for Plaintiff*

Eric M. Ziporin, # 30133
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
(303) 320-0509
eziporin@sgrllc.com
*Attorney for Defendant Cara McGeeney*

*Courtesy copy e-mailed to:*
Anthony DeCesaro, CDOC

*s/Jennifer Kaercher*

6