IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02880-GPG-MDB

LILA WEBB,

    Plaintiff,

v.

OFFICER CARA MCGEENEY, in her individual capacity;
COMMUNITY PAROLE OFFICER RHIANNON ADAMS, in her individual capacity,

    Defendants.

## DEFENDANT ADAMS ANSWER TO PLAINTIFF'S COMPLAINT
## (ECF NO. 1)

    Defendant Community Parole Officer Rhiannon Adams, through the Colorado Attorney General, respectfully submits this Answer to Plaintiff's Complaint. (ECF No. 1).

## INTRODUCTION

    1.    Regarding the allegations in paragraph 1, Defendant Adams admits that she is a Community Parole Officer who works in Fremont County, and Officer Cara McGeeney was an officer employed by the Canon City Police Department on November 18, 2024. She further admits that on November 18, 2024, Plaintiff was seized and searched without a warrant. Defendant Adams also admits that she and Officer McGeeney searched a car in which Plaintiff was passenger as well as its contents, and that Officer McGeeney searched Plaintiff. Defendant Adams additionally admits that part of the justification for searching the car and its contents was that she had recently seen

then-parolee Michael Sizemore exit the car. Defendant Adams denies the remaining allegations in this paragraph.

2. Regarding the allegations in paragraph 2, Defendant Adams admits that Plaintiff was not on parole on the date of her arrest. Defendant Adams admits that Ms. Webb was seized and searched based on probable cause. Defendant Adams denies the remaining allegations in this paragraph.

3. Regarding the allegations in paragraph 3, Defendant Adams admits that Plaintiff purports to seek compensatory and punitive damages against the defendants. However, she denies that Plaintiff is entitled to damages based on her conduct.

4. Regarding the allegations in paragraph 4, Defendant Adams admits that Plaintiff purports to demand a trial by jury.

## JURISDICTION AND VENUE

5. Regarding the allegations in paragraph 5, Defendant Adams admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the statutory authority cited therein but denies that she has violated any of Plaintiff's rights protected by such authority or that Plaintiff is entitled to any relief pursuant to such authority.

6. Regarding the allegations in paragraph 6, Defendant Adams admits that Plaintiff purports to invoke the supplemental jurisdiction of the Court pursuant to the statutory authority cited therein but denies that the statutory authority applies to her conduct as a Colorado Community Parole Officer.

7. Defendant Adams does not challenge venue at this time.

## PARTIES

8. Regarding the allegations in paragraph 8, Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of the allegations in this paragraph, and therefore denies the same.

9. Regarding the allegations in paragraph 9. Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of the allegations in and therefore denies the same.

10. Defendant Adams admits the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. Regarding the allegations in paragraph 11, Defendant Adams admits that on November 18, 2024, Plaintiff was sitting in the front passenger seat of a silver car parked on First and Main Streets in Canon City. She further admits that Myla Miksell, the driver, was also in the car along with back seat passenger Noah Holland. Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore denies the same.

12. Regarding the allegations in paragraph 12, Defendant Adams admits that she is a community parole officer in Canon City, and that on November 18, 2024, she saw parolee Michael Sizemore exit the silver car, begin walking to the parole office where she was working, turn back, hand something through the passenger window, and finally enter the parole office, where he made statements that raised suspicion about the contents of the silver car. Defendant Adams admits that she then called the Canon City Police Department to ask whether they would assist her with searching the silver car.

Defendant Adams admits that Defendant McGeeney of the Canon City Police Department later arrived at the scene to assist her. Defendant Adams denies the remaining allegations in this paragraph.

13. Regarding the allegations in paragraph 13, Defendant Adams admits that she did not have a warrant to search the silver car, any items in the car, or any passenger, and that she made no attempt to obtain a search warrant. However, she asserts that no warrant was needed due to Sizemore's parole status and recent presence in and control over the car and its contents. She further asserts that Mr. Sizemore's conduct, along with the subsequent conduct of the cars' occupants, raised reasonable suspicion and probable cause to search the car, the items inside the car, and the Plaintiff. Moreover, a pat down search of all passengers was necessary for officer safety.

14. Regarding the allegations in paragraph 14, Defendant Adams asserts that because the officers were searching the car, which is mobile by definition, there was in fact some exigency to the search. However, she admits that she did not use the words "exigent circumstances" in her written report. Defendant Adams denies the remaining allegations in this paragraph.

15. Regarding the allegations in paragraph 15, Defendant Adams admits that she was wearing a vest marked POLICE and had a firearm on her utility belt. She further admits that Defendant McGeeney had a TASER on her utility belt, and she was wearing her police uniform with a badge. Defendant Adams denies the remaining allegations in this paragraph.

16. Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of the allegations in this paragraph and therefore denies the same

17. Regarding the allegations in paragraph 17, Defendant Adams admits that when she and Defendant McGeeney reached the silver car, Myla Mikesell was in the driver's seat, Plaintiff was in the front passenger seat, and Noah Holland was in the back seat. Defendant Adams is not and was not aware that any passenger in the car was on parole. Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore denies the same.

18. Defendant Adams admits the allegations in paragraph 18.

19. Regarding the allegations in paragraph 19, Defendant Adams was not at the preliminary hearing nor does she have a transcript of that hearing. Defendant Adams is therefore without sufficient information and knowledge to form an opinion as to the truth of the allegations regarding the preliminary hearing, and she denies the same. Defendant Adams also denies that she did not have reasonable suspicion or probable cause to believe that any crime had occurred or was in progress.

20. Defendant Adams admits the allegations in paragraph 20.

21. Defendant Adams admits the allegations in paragraph 21.

22. Regarding the allegations in paragraph 22, Defendant Adams admits that Defendant McGeeney grabbed a lanyard with two small cannisters attached, and that Plaintiff was wearing the lanyard around her neck. Defendant Adams admits that

Defendant McGeeney pulled the lanyard away from Plaintiff's person. She further admits that Defendant McGeeney ordered Plaintiff not to remove bags from the backseat for the car. Defendant Adams affirmatively denies that an unlawful search and seizure occurred as a result of these actions, and asserts that the actions described were justified, in part, by a legitimate concern for officer safety.

23. Defendant Adams admits the allegations in paragraph 23.

24. Regarding the allegations in paragraph 24, Defendant Adams admits that controlled substances were found on Plaintiff and in the car, and Plaintiff was placed under arrest. Defendant Adams admits that Plaintiff was transported to Fremont County Detention Center. Defendant Adams denies the remaining allegations in this paragraph.

25. Regarding the allegations in paragraph 25, Defendant Adams denies that she authored a report recommending criminal charges against Plaintiff, but she admits that she authored a report stating her recollection of the events at issue. Defendant Adams further admits that Plaintiff was charged with a felony drug offense and prosecuted for that offense, but the charges were later dropped. Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore denies the same.

26. Regarding the allegations in paragraph 26, Defendant Adams admits that she wrote a report that included the language quoted, and that Mr. Sizemore's parole agreement contained the language quoted from that agreement. Defendant Adams further admits that Plaintiff accurately quoted language from section 17-2-201(5)(f)(I)D), C.R.S. Defendant Adams denies the remaining allegations in this paragraph.

27. Regarding the allegations in paragraph 27, Defendant Adams admits that Mr. Sizemore was not the owner of the silver car and was not present at the vehicle for the entire time that the search and seizure of Plaintiff was underway. Defendant Adams denies the remaining allegations in this paragraph.

28. Regarding the allegations in paragraph 28, the allegations set forth legal conclusions and describe Plaintiff's mental state, so they do not require a response. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Unlawful Seizure Without Reasonable Suspicion in Violation of the Fourth and Fourteenth Amendments**
**(Lila Webb Against All Defendants)**

29. Regarding the allegations in paragraph 29, Defendant Adams admits that Plaintiff purports to incorporate the preceding paragraphs but denies any and all liability stemming from such incorporation.

30. Regarding the allegations in paragraph 30, Defendant Adams admits that Plaintiff accurately quotes 42 U.S.C. section 1983. Defendant denies any and all liability under this statute.

31. Regarding the allegation in paragraph 31, Defendant Adams is without sufficient information and knowledge to form an opinion as to the truth of this allegation and therefore denies the same.

32. Defendant Adams admits the allegations in paragraph 32.

33. Defendant Adams does not answer the allegations in paragraph 33, as they are directed at Defendant McGeeney.

34. Defendant Adams admits the allegations in paragraph 34.

35. Defendant Adams does not answer the allegations in paragraph 35, as they are directed at Defendant McGeeney.

36. Regarding the allegations in paragraph 36, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

37. Regarding the allegations in paragraph 37, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

38. Defendant Adams denies the allegations in paragraph 38.

39. Regarding the allegations in paragraph 39, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

40. Defendant Adams denies the allegations in paragraph 40.

41. Defendant Adams denies the allegations in paragraph 41.

42. Defendant Adams denies the allegations in paragraph 42.

43. Regarding the allegations in paragraph 43, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

44. Defendant Adams denies the allegations in paragraph 44.

45.     Regarding the allegations in paragraph 45, Plaintiff sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

46.     Regarding the allegations in paragraph 46, Plaintiff sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Unlawful Seizure Without Warrant in Violation of the Fourth and Fourteenth Amendments
### (Lila Webb Against All Defendants)

47.     Regarding the allegations in paragraph 47, Defendant Adams admits that Plaintiff purports to incorporate the preceding paragraphs but denies any and all liability stemming from such incorporation.

48.     Regarding the allegations in paragraph 48, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

49.     Regarding the allegations in paragraph 49, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

50.     Regarding the allegations in paragraph 50, Defendant Adams admits that Defendant McGeeney physically grabbed a lanyard off of Plaintiff's neck and removed it from her person, proceeded to search the attached cannisters, and discovered

controlled substances. Defendant Adams denies that this search was illegal or improper in any way.

51. Regarding the allegations in paragraph 51, Defendant Adams admits that Defendant McGeeney did not have a warrant to seize and search the lanyard on Plaintiff's neck. Defendant Adams denies the remaining allegations in this paragraph.

52. Regarding the allegations in paragraph 52, Defendant Adams admits that she called the Canon City Police Department and asked for assistance with searching the silver car, and that the Police Department sent Officer McGeeney to assist her. Defendant Adams admits that she directed the search of the silver car and its contents. Regarding the remaining allegations in paragraph 52, Plaintiff sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all remaining allegations in this paragraph.

53. Regarding the allegations in paragraph 53, Defendant Adams admits that Defendant McGeeney ordered Plaintiff to leave the bags in the back seat of the car where they were then-located. Defendant Adams asserts that Defendant McGeeney eventually searched the bags at that location once probable cause existed, and she found controlled substances. Defendant Adams denies the remaining allegations in this paragraph.

54. Regarding the allegations in paragraph 54, Defendant Adams admits that Defendant McGeeney did not have a warrant to search the bags in the back seat of the silver car, but denies that she needed a warrant. Defendant Adams admits that Plaintiff

10

did not expressly consent to the search of the bags in the back seat of the silver car. She denies the remaining allegations in this paragraph.

55. Regarding the allegations in paragraph 55, Defendant Adams admits that she did not physically search and seize the bags in the back of the silver car. Defendant Adams further admits that she called the Canon City Police Department and asked for assistance with searching the silver car, and that the Police Department sent Officer McGeeney to assist her. Defendant Adams admits that she directed the search of the silver car and its contents. Defendant Adams denies the remaining allegations in this paragraph.

56. Regarding the allegations in paragraph 56, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

57. Defendant Adams denies the allegations in paragraph 57.

58. Defendant Adams denies the allegations in paragraph 58.

59. Defendant Adams denies the allegations in paragraph 59.

60. Regarding the allegations in paragraph 60, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

61. Defendant denies the allegations in paragraph 61.

62. Regarding the allegations in paragraph 62, Plaintiff sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

63. Regarding the allegations in paragraph 63, Plaintiff sets forth legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant Adams denies all allegations in this paragraph.

### THIRD CLAIM FOR RELIEF

### Colo. Rev. Stat. § 13-21-131
### Colorado Constitution Article II, Section 7 – Unreasonable Search and Seizure
### (Lila Webb Against All Defendants)

64. Regarding the allegations in paragraph 64, Defendant Adams admits that Plaintiff purports to incorporate the preceding paragraphs but denies any and all liability stemming from such incorporation.

65. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

66. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

67. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

68. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

69. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

70. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

71. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

72. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

73. The Court has dismissed this claim against Defendant Adams, so she provides no answer.

**PRAYER FOR RELIEF**

Defendant Adams denies all allegations in this section and affirmatively asserts that Plaintiff is not entitled to any relief as a result of her claims in this suit.

**GENERAL DENIAL**

Defendant Adams denies each and every allegation contained within Plaintiff's Complaint not expressly admitted herein.

**DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant Adams upon which relief may be granted.

2. Plaintiff's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited, or qualified immunity.

3. Defendant Adams affirmatively asserts that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

4. Defendant Adams affirmatively asserts that she followed all applicable laws and regulations with respect to the claims at issue.

5. Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitations.

6. Plaintiff's claims may be barred in whole or in part by the doctrines of collateral estoppel and/or *res judicata*.

7. Plaintiff is not entitled to the relief being sought or claimed in the Complaint under the legal theories therein asserted.

8. Plaintiff's claims fail to state a claim upon which relief can be granted, as Defendant Adams may not have personally participated in all of the events described.

9. Plaintiff may have failed to mitigate her damages, if any.

10. Plaintiff's claimed damages, if any, may have been caused by a third person(s) over whom Defendant Adams had no control.

11. Any injuries that Plaintiff claims to have pre-dated any alleged acts or omissions on the part of Defendant Adams.

12. Plaintiff's claims may be barred or limited by the doctrines of waiver, estoppel, and laches.

13. Plaintiff's claimed damages may have been caused by the negligence of Plaintiff.

14. Defendant Adams reserves the right to assert additional defenses that become known during discovery, or to withdraw defenses as appropriate, subject to Rule 15 of the Federal Rules of Civil Procedure.

## JURY DEMAND

Defendant Adams hereby demands a trial by jury.

DATED at Denver, Colorado this December 9, 2025.

PHILIP J. WEISER
Attorney General

*s/ Amy E. Adams*
AMY E. ADAMS*
Assistant Attorney General
JOSHUA G. URQUHART*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
E-Mail: amy.adams@coag.gov
       joshua.urquhart@coag.gov
*Counsel of Record for Defendant Adams

15

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the foregoing **DEFENDANT ADAMS ANSWER TO PLAINTIFF'S COMPLAINT (ECF No. 1)** upon all parties herein by e-filing with the CM/ECF system maintained by the Court on December 9, 2025, which will cause notification of such filing to be sent to the following:

Kevin Mehr, #49108
Tyler A. Jolly, #52361
Mehr Jolly, P.L.L.C.
9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-315-4606
Kevin.Mehr@mehrjolly.com
Tyler@jollylawcolorado.com

Jason Kosloski, #50214
Kosloski, PLLC
1401 Lawrence Street
Denver, CO 80202
Phone: 720-605-6487
Jkosloski@kosloskilaw.com

*Attorneys for Plaintiff*

Eric M. Ziporin, # 30133
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
(303) 320-0509
eziporin@sgrllc.com
*Attorney for Defendant Cara McGeeney*

*Courtesy copy e-mailed to:*
Anthony DeCesaro, CDOC

　　　　　　　　　　　　　　　　　　　　*s/Brittany Vigil*