# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-2880

LILA WEBB,

    Plaintiff,

    v.

OFFICER CARA MCGEENEY, in her individual capacity;

COMMUNITY PAROLE OFFICER RHIANNON ADAMS, in her individual capacity,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling Conference has not been set in this case. However, the Court ordered the parties file a proposed scheduling order by December 12, 2025, and the parties met via Zoom to confer on the proposed order on November 25, 2025.

The parties will be represented in this case as follows:

**For Plaintiff:**

Kevin Mehr, #49108
Mehr Jolly, P.L.L.C.
9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-315-4606
Kevin.Mehr@mehrjolly.com

Tyler A. Jolly, #52361
Mehr Jolly, P.L.L.C.

9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-429-7359
Tyler@jollylawcolorado.com

Jason Kosloski, #50214
Kosloski, PLLC
1401 Lawrence Street
Denver, CO 80202
Phone: 720-605-6487
Jkosloski@kosloskilaw.com

**For Defendant McGeeney:**

Eric Michael Ziporin
SGR, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
303-320-0509
Fax: 303-320-0210
Email: eziporin@sgrllc.com

**For Defendant Adams:**

Amy E.B. Adams
Colorado Attorney General's Office
Ralph Carr Judicial Building
1300 Broadway
10th Floor
Denver, CO 80203
720-508-6827
Email: amy.adams@coag.gov

Joshua G. Urquhart
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6569
Email: joshua.urquhart@coag.gov

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331. Jurisdiction supporting Plaintiff's claims for attorney fees and costs is conferred by 42 U.S.C. §1988. Jurisdiction for Plaintiff's supplemental state law claims, brought under Colorado state law, including the Colorado Enhance Law Enforcement Integrity Act, C.R.S § 13-21-131 et. seq. is conferred by 28 U.S.C § 1367.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### Plaintiff's Claims

1. 42. U.S.C. § 1983 – Unlawful Seizure Without Reasonable Suspicion in Violation of the Fourth and Fourteenth Amendments;

2. 42 U.S.C. § 1983 – Unlawful Search Without Warrant in Violation of the Fourth and Fourteenth Amendments;

3. Colo. Rev. Stat. § 13-21-131 – Violation of Colorado Constitution Article II, Section 7 – Unreasonable Search and Seizure

#### Defendant McGeeney's Defenses

Defendant McGeeney denies that she violated Ms. Webb's constitutional or statutory rights. Defendant McGeeney acted consistently with the Constitution and state and federal law in performing her duties as an officer on the day of the incident. In addition to these defenses, Defendant McGeeney will rely upon her defenses asserted in her responsive pleading to the Complaint, including but not limited to: (1) probable cause existing to arrest Plaintiff for each crime; (2) the inevitable discovery doctrine; (3) searches performed incident to a lawful arrest; (4) the fellow officer rule; (5) acting in good faith; (6) qualified immunity as to the federal constitutional claims; (7) common law public official immunity; (8) Plaintiff's comparative fault;

(9) failure to state a claim as C.R.S. § 13-21-131 is unconstitutional; (10) Plaintiff's failure to mitigate her damages; (11) Plaintiff's damages are not to the nature and extent alleged; (12) Plaintiff's constitutional rights were not violated by any act or omission on part of any Defendant; and (13) acting in accordance with all common law and constitutional obligations and without any intent to cause Plaintiff harm.

### Defendant Adams' Defenses

Defendant Adams denies that she violated Plaintiff's statutory or constitutional rights in any way. She acted in accordance with all state and federal laws and proceeded pursuant a parole agreement that authorized the search based on a parolee's control over the vehicle and the conduct of the driver and passengers when she approached the vehicle. Relatedly, Defendant Adams will rely on: (1) the fact that reasonable suspicion and probable cause to search the vehicle and its contents existed; (2) the inevitable discovery doctrine and/or automobile and plain view exceptions; (3) the fact that searches were performed incident to a lawful arrest executed pursuant to an outstanding warrant; (4) the fact that probable cause to arrest Plaintiff existed; (5) qualified immunity; (6) Plaintiff's failure to mitigate her damages; (7) Plaintiff's claimed damages may have been caused by third persons over whom Defendant Adams had no control; (8) Plaintiff's damages may have been caused by her own negligence.

### 4.   UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant Cara McGeeney was a police officer employed by the Canon City Police Department during the events in the underlying case.

2. At all times relevant, Defendant McGeeney acted under the color of state law and within the scope of her official duties and employment in her capacity as a Canon City Police Department officer.

3. Defendant Rhiannon Adams was a community parole officer employed by Colorado's Division of Adult Parole during the events underlying this case.

### 5. COMPUTATION OF DAMAGES

Plaintiff is seeking compensatory damages for the anxiety, humiliation, and distress of her seizure, search of her person and property, subsequent arrest, incarceration, and being subject to criminal prosecution. Plaintiff is further seeking compensatory and punitive damages for the violation of her Federal and Colorado State Constitutional rights. The amount of damage is not immediately ascertainable but will be determined during the course of discovery. Plaintiff further seeks costs and attorney's fees as she may be entitled under law.

Defendant McGeeney: Defendant McGeeney does not seek damages but reserves the right to seek attorney fees and costs which may be recoverable.

Defendant Adams: Defendant Adams does not seek damages at the present time. But, she reserves the right to seek attorneys fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV.26(f)

a) Date of Rule 26(f) meeting:

**November 25, 2025 at 10:00 A.M.**

b) Names of each participant and party he/she represents:

**Tyler Jolly on behalf of Plaintiff;**

**Eric Ziporin on behalf of Defendant McGeeney;**

**Amy Adams on behalf of Defendant Adams.**

c) Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**December 12, 2025.**

d) Propose changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**The parties agreed to a limited three-day extension of time to December 12, 2025.**

e) Statement concerning any agreements to conduct informal discovery.

**None.**

f) Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

**The parties agree to a unified exhibit numbering system.**

g) Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

**Parties believe that discovery will involve information or records maintained in electronic form. To the extent that discovery or disclosures involve information or records in electronic form, the Parties will take steps to preserve that information. The Parties agree that, to the extent feasible, the Parties will exchange information (whether in paper or electronic form) in PDF format.**

h) Statement summarizing the parties discussions regarding the possibilities for promptly settling or resolving the case.

**The parties have discussed that the Plaintiff will send independent settlement demand letters to each defendant.  The parties have not agreed to mediate at this point in time.  The parties agree to consider potential mediation after some limited discovery.**

## 7.  CONSENT

Parties do not consent to have magistrate judges in the District of Colorado preside over the case.

## 8.  DISCOVERY LIMITATIONS

a) Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**The parties do not propose exceeding the presumptive number of depositions and interrogatories.**

b) Limitations which any party proposes on the length of depositions.

**A deposition is limited to 1 day and 7 hours per deponent.   The parties agree to depositions of four hours in length for non-parties and expert witnesses.**

c) Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Parties agree 25 requests for production and 25 requests for admission per side.**

d) Deadline for Interrogatories, Requests for Production of Documents and/or Admissions:

**All interrogatories, Requests for Production of Documents, and/or Requests for Admission must be served no later than: 45 days prior to the discovery cut-off.**

### 9. CASE PLAN AND SCHEDULE

a) Deadline to Join Parties and Amendment of Pleadings:

**January 15, 2026.**

b) Discovery Cut-Off:

**Eight months after Final Scheduling Order, August 26, 2026.**

c) Dispositive Motions Deadline:

**45 days after the close of discovery, October 12, 2026.**

d) Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

   **Plaintiff:** N/A

   **Defendant McGeeney: Any expert to rebut Plaintiff's expert(s).**

   **Defendant Adams: Any expert to rebut Plaintiff's expert(s).**

2. Limitations which parties propose on the use or number of expert witness:

   **No more than 2 experts per party.**

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 29, 2026. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and

information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 12, 2026.

e) Identification of Persons to Be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition: |
|---|---|---|---|
| Plaintiff Lila Webb | TBD | TBD | 7 Hours |
| Defendant Cara McGeeney | TBD | TBD | 7 Hours |
| Defendant Rhiannon Adams | TBD | TBD | 7 Hours |
| Other individuals disclosed pursuant to Fed. R. Civ. P. 26 | TBD | TBD | TBD |

**10. DATES FOR FURTHER CONFERENCES**

**Final Pretrial Conference will be set after the dispositive motion deadline has passed and the Court has issued rulings on all such motions, or no dispositive motions have been filed and the deadline has passed. In either instance, within 15 days, the parties shall jointly email Gallagher_Chambers@cod.uscourts.gov to request a date for Final Pretrial Conference, at which Judge Gallagher will set dates for Trial Preparation Conference and trial.**

1. ~~Status conferences will be held in this case at the following dates and times:~~

2. ~~A final pretrial conference will be held in this case on _____ at o'clock _ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference~~.

## 11. OTHER SCHEDULING MATTERS

a) Identify those discovery or scheduling issues, if any, on which counsel after good faith effort, were unable to reach an agreement:

**None.**

b) Anticipated length of trial and whether trial is to the court or jury:

**Three day jury trial.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause. Any motions requesting deadline extensions must contain sufficient information for the Court to conclude the parties have been diligent in discovery.

DATED this 16th day of December, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

APPROVED:

**/s/ Tyler A. Jolly**
Tyler A. Jolly
Mehr Jolly, P.L.L.C.
9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-429-7359
Attorney for Plaintiff


**For Defendant McGeeney:**

**/s/ Eric Michael Ziporin**
Eric Michael Ziporin
SGR, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
303-320-0509
Fax: 303-320-0210
Email: eziporin@sgrllc.com


**For Defendant Adams:**

**/s/ Amy E.B. Adams**
Amy E.B. Adams
Colorado Attorney General's Office
Ralph Carr Judicial Building
1300 Broadway
10th Floor
Denver, CO 80203
720-508-6827
Email: amy.adams@coag.gov