**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-2880

LILA WEBB,

      Plaintiff,

      v.

CITY OF CANON CITY, COLORADO;

COMMUNITY PAROLE OFFICER RHIANNON ADAMS, in her individual capacity,

      Defendants.

_____

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

_____

Plaintiff, by and through her attorneys, Kevin Mehr, Tyler A. Jolly, and Jason Kosloski, hereby files this Complaint pursuant to FRCP 15 (a)(1)(B)(2) and LCivR 15.1(a), and respectfully alleges for her First Amended Complaint and Jury Demand as follows:

**INTRODUCTION**

1. On November 18, 2024, Fremont County Community Parole Officer Rhiannon Adams and Canon City Police Department Officer Cara McGeeney seized Ms. Lila Webb and engaged in a warrantless seizure and search of Ms. Webb's person and property. The defendants' justification for their warrantless seizure and search of Ms. Webb was that a third-party, parolee Michael Sizemore, had previously been present in the same car as Ms. Webb.

2. Ms. Webb was not on parole.  Ms. Webb was not reasonably suspected of any criminal behavior.  Neither the parole statute nor Mr. Sizemore's parole agreement authorized a seizure and search of Ms. Webb.  Nevertheless, the defendants seized Ms. Webb, searched Ms. Webb's person and property, and subsequently arrested Ms. Webb.

3. Plaintiff seeks compensatory and punitive damages against the defendants.

4. TRIAL BY JURY IS DEMANDED.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. §1983.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331.  Jurisdiction supporting Plaintiff's claims for attorney fees and costs is conferred by 42 U.S.C. §1988.

6. Jurisdiction for Plaintiff's supplemental state law claims, brought under Colorado state law, including the Colorado Enhance Law Enforcement Integrity Act, C.R.S §13-21-131 *et. seq.* is conferred by 28 U.S.C §1367.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b).  All events alleged herein occurred within the State of Colorado, County of Fremont, City of Canon City.

## PARTIES

8. At all times pertinent to the subject matter of this litigation, Plaintiff Lila Webb (hereinafter Plaintiff or Ms. Webb) was a citizen of the United States of America and a resident of, and domiciled in, the State of Colorado.

9. At all relevant times, Defendant Cara McGeeney (hereinafter Defendant McGeeney) was a citizen of the United States and a resident of, and domiciled in, the State of Colorado. At all times pertinent, Defendant McGeeney was acting within the scope of her official duties and employment and under color of state law in her capacity as a law enforcement officer, and Defendant McGeeney was employed by the Canon City Police Department.

10. At all relevant times, Defendant Rhiannon Adams (hereinafter Defendant Adams) was a citizen of the United States and a resident of, and domiciled in, the State of Colorado. At all times pertinent, Defendant Adams was acting within the scope of her official duties and employment and under color of state law in her capacity as a community parole officer, and Defendant Adams was employed by the Department of Corrections of the State of Colorado.

**FACTUAL ALLEGATIONS**

11. On November 18, 2024, Ms. Webb was sitting in the front passenger seat of a silver car parked on 1st and Main Street in Canon City. Also in the car was the driver, Myla Mikesell. Ms. Mikesell was the owner of the silver car. In the back seat was another passenger, Noah Holland.

12. Defendant Adams, a community parole officer in Canon City, believed that a fourth person, parolee Michael Sizemore, had been a passenger in the silver car earlier that day. As a result, Defendant Adams called Canon City Police Department to ask that an officer be sent to assist her in a search of the silver car and its occupants. Defendant Officer Cara McGeeney of the Canon City Police Department arrived at the scene to assist Defendant Adams with a search of the silver car.

13. Defendant Adams and Defendant McGeeney did not have a warrant to search the silver car, any items in the car, or any passenger. Further, Defendant Adams and Defendant McGeeney made no attempt to obtain a search warrant for the silver car, any items in the car, or any passenger.

14. Defendant Adams and Defendant McGeeney did not cite to any exigent circumstances in their written reports which would have allowed them to lawfully search the silver car, any items in the car, or any passenger without a warrant. Further, no exigent circumstances existed to justify Defendant Adams and Defendant McGeeney's subsequent warrantless search of the silver car, items within the car, and its passengers.

15. Defendant Adams was wearing a vest that was marked "POLICE" and was displaying a firearm on her waist. Defendant McGeeney was in her Canon City Police Department uniform with badge. Defendant McGeeney was displaying a TASER and firearm on her waist.

16. As the defendants were walking down the street together towards the silver car, Defendant McGeeney stated multiple times her intention to search the silver car.

17. Once the defendants reached the silver car, the defendants saw three passengers inside the car. Ms. Myla Mikesell was in the driver's seat. Plaintiff Lila Webb was in the front passenger seat. Mr. Noah Holland was in the back seat. None of the passengers in the car were on parole. None of the passengers in the car consented to a search of their persons nor any search of the car or any item therein.

18. Mr. Sizemore was not present with the silver car when the defendants confronted the three occupants.  Mr. Sizemore was not the owner of the silver car.  Mr. Sizemore was not the driver of the silver car.

19. Defendant McGeeney, during the preliminary hearing in Ms. Webb's criminal matter, admitted that she did not have any reason to believe that Ms. Webb, nor the other passengers, were engaged in any criminal behavior at the time that she and Defendant Adams approached the car.  Thereby, the defendants did not have reasonable suspicion nor probable cause to believe that any crime had occurred or was in progress.

20. Nevertheless, Defendant Adams and Defendant McGeeney ordered Ms. Webb and the two other passengers to get out of the car.  Further, Defendant McGeeney made multiple attempts to open the locked front passenger door, where Ms. Webb was sitting, by pulling on the door handle.  Defendant McGeeney also ordered the driver, Ms. Mikesell, to shut the car off.  Defendant McGeeney also ordered that the car be unlocked.

21. After Defendant McGeeney ordered that the car be unlocked, Ms. Mikesell unlocked the doors.  Defendant McGeeney then pulled opened Ms. Webb's passenger side door.

22. Ms. Webb was wearing a lanyard around her neck that had two small cannisters attached the end of the lanyard.  Upon Ms. Webb exiting the car, Defendant McGeeney physically grabbed the lanyard from around Ms. Webb's neck, pulling the lanyard away from Ms. Webb's person.  When Ms. Webb attempted to remove her personal bags from the car, Defendant McGeeney ordered Ms. Webb to leave all of her personal effects inside the car.

23. Once out of the car, Defendant McGeeney began questioning the three passengers, including Ms. Webb. During that time, Defendant Adams began searching the silver car. Defendant McGeeney also conducted a pat-down search of Ms. Webb and the other two passengers.

24. During the search of Ms. Webb's person and her personal effects, the defendants alleged that they discovered controlled substances. The defendants subsequently placed Ms. Webb under arrest. Thereafter, Ms. Webb was transported to the Fremont County Detention Center where she was held in custody.

25. Defendant McGeeney and Defendant Adams authored reports recommending that Ms. Webb be charged criminally. As a direct result of those reports, Ms. Webb was charged with a drug felony offense. Ms. Webb was prosecuted on that allegation for five months. All charges against Ms. Webb were later dismissed by the district attorney's office.

26. In an attempt to justify the unreasonable seizure and search of Ms. Webb, Defendant Adams incorrectly stated, "per Sizemore's parole directives we are permitted to search any vehicle he is in." However, Mr. Sizemore's parole agreement stated, "You shall allow a [community parole officer] to search your person, residence, or premises under your control, *vehicle and/or property under your control*...." Further, Mr. Sizemore's parole directives were reflective of Colorado's parole statute which states:

> As a condition of every parole, the parolee shall sign a written agreement that contains the parole conditions deemed appropriate by the board. The conditions must include, but are not limited to, the following:
>
> ....
> That the parolee shall permit residential visits by the community parole officer and allow the community parole officer to make searches of *the parolee's* person, residence, or vehicle...

C.R.S. 17-2-201(5)(f)(I)(D) (emphasis added).

27. Mr. Sizemore was not the owner of the silver car.  Mr. Sizemore was not present in the silver car at the time that the car and its passengers, including Ms. Webb, were seized and searched by Defendant Adams and Defendant McGeeney.  Further, Mr. Sizemore's status as a parolee did not permit the search of Ms. Webb, who was not a parolee, nor her personal effects.

28. Ms. Webb suffered humiliation and was deprived of state and federal constitutionally protected rights by the defendants' conduct.  Further, Ms. Webb was incarcerated, criminally charged, and endured months of being prosecuted due to the conduct of the defendants.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Unlawful Seizure Without Reasonable Suspicion in Violation of the Fourth and Fourteenth Amendments**
**(Lila Webb Against All Defendants)**

29. Plaintiff hereby incorporates paragraphs 1-28 of this Complaint as if fully set forth herein.

30. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress....

31. Plaintiff in this action is a citizen of the United States.

32. Defendant Adams is a "person" within the meaning of Title 42 U.S.C. §1983.

33. Defendant McGeeney is a "person" within the meaning of Title 42 U.S.C. §1983.

34. Defendant Adams acted under color of state law, within the course and scope of her employment, and in her capacity as a community parole officer under the Colorado Department of Corrections at all times relevant to the allegations in this Complaint. Further, Defendant Adams' acts or omissions were conducted within the scope of her official duties or employment as a community parole officer under the Colorado Department of Corrections.

35. Defendant McGeeney acted under color of state law, within the course and scope of her employment, and in her capacity as a Canon City Police Department officer at all times relevant to the allegations in this Complaint. Further, Defendant McGeeney's acts or omissions were conducted within the scope of her official duties or employment as an officer of the Canon City Police Department.

36. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment, as incorporated against the states under the Fourteenth Amendment, to be secure in her person, papers, and effects from unreasonable search and seizure.

37. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

38. Defendant Adams and Defendant McGeeney seized Ms. Webb, in violation of her Fourth and Fourteenth Amendment rights, by approaching the silver car, armed and in full uniform, and ordering Ms. Webb to get out of the car so that her person and effects could

be searched.  Defendant Adams and Defendant McGeeney seized Ms. Webb without any reasonable suspicion that Ms. Webb had engaged in any criminal conduct.  Ms. Webb remained unlawfully seized as Defendant McGeeney conducted a pat-down search of Ms. Webb's person.  Ms. Webb remained unlawfully seized as Defendant Adams and Defendant McGeeney conducted a search of Ms. Webb's personal effects.

39. The defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth and Fourteenth Amendment rights of Plaintiff.

40. The defendants' actions, as described herein, were also malicious, willful, and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

41. The intentional actions or inactions of defendants as described herein intentionally deprived Ms. Webb of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

42. The acts or omissions of Defendant Adams and Defendant McGeeney were moving forces behind Plaintiff's injuries.

43. The defendants are not entitled to qualified immunity for his actions.

44. As a proximate result of defendants unlawful conduct, Plaintiff has suffered actual emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

45. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

46. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Adams and Defendant McGeeney under 42 U.S.C. §1983, in that the actions of Defendant Adams and Defendant McGeeney have been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Unlawful Search Without Warrant in Violation of the Fourth and Fourteenth Amendments**

**(Lila Webb Against All Defendants)**

47. Plaintiff hereby incorporates paragraphs 1-46 of this Complaint as if fully set forth herein.

48. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment, as incorporated against the states under the Fourteenth Amendment, to be secure in her person, papers, and effects from unreasonable search and seizure.

49. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

50. Defendant McGeeney physically grabbed a lanyard off of Ms. Webb's neck and removed it from her person.  Defendant McGeeney proceeded to search the cannisters that were attached to that lanyard.  Defendant McGeeney alleges that she discovered controlled substance in those cannisters.

51. Defendant McGeeney did not have a warrant to seize and search the lanyard off of Ms. Webb's neck.  Defendant McGeeney did not have Ms. Webb's consent to seize and search the lanyard from Ms. Webb's neck.  Defendant McGeeney did not have an exigent circumstance that permitted her to seize and search the lanyard off of Ms. Webb's neck. Defendant McGeeney did not have probable cause to seize and search the lanyard from Ms. Webb's neck, as she did not reasonably suspect Ms. Webb of any crime.

52. Defendant Adams, though she did not physically seize and search the lanyard and cannisters, nevertheless aided, abetted, directed, and encouraged the seizure and search of the lanyard and cannisters.  Defendant Adams aided, abetted, directed, and encouraged Defendant McGeeney's seizure and search of the lanyard and cannisters by requesting that Defendant McGeeney come to the scene, requesting that Defendant McGeeney assist her in a search of the silver car and its passengers, and failing to intervene as she witnessed Defendant McGeeney seizing and searching the lanyard and cannisters. Defendant Adams and Defendant McGeeney acted in concert in the seizure and search of lanyard and cannisters on Ms. Webb's person.

53. Further, Ms. Webb attempted to remove her personal bags from the silver car.  Defendant McGeeney and Defendant Adams ordered Ms. Webb to leave her bags inside the car. Defendant McGeeney ordered Ms. Webb to leave her bags in the car so that Defendant McGeeney could search those bags.  Defendant McGeeney searched Ms. Webb's bags and alleged that she discovered controlled substance.

54. Defendant McGeeney did not have a warrant to seize and search Ms. Webb's bags. Defendant McGeeney did not have Ms. Webb's consent to seize and search Ms. Webb's bags.  Defendant McGeeney did not have an exigent circumstance that permitted her to

seize and search Ms. Webb's bags.  Defendant McGeeney did not have probable cause to seize and search Ms. Webb's bags, as she did not reasonably suspect Ms. Webb of any crime.

55. Defendant Adams, though she did not physically seize and search Ms. Webb's bags, nevertheless aided, abetted, directed, and encouraged the seizure and search of Ms. Webb's bags.  Defendant Adams aided, abetted, directed, and encouraged Defendant McGeeney's seizure and search of Ms. Webb's bags by requesting that Defendant McGeeney come to the scene, requesting that Defendant McGeeney assist her in a search of the silver car and its passengers, and failing to intervene as she witnessed Defendant McGeeney seizing and searching Ms. Webb's bags.  Defendant Adams and Defendant McGeeney acted in concert in the seizure and search of Ms. Webb's bags.

56. The defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth and Fourteenth Amendment rights of Plaintiff.

57. The defendants' actions, as described herein, were also malicious, willful, and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

58. The intentional actions or inactions of defendants as described herein intentionally deprived Ms. Webb of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

59. The acts or omissions of Defendant Adams and Defendant McGeeney were moving forces behind Plaintiff's injuries.

60. The defendants are not entitled to qualified immunity for his actions.

61. As a proximate result of defendants unlawful conduct, Plaintiff has suffered actual emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

62. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

63. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Adams and Defendant McGeeney under 42 U.S.C. §1983, in that the actions of Defendant Adams and Defendant McGeeney have been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**THIRD CLAIM FOR RELIEF**

**Colo. Rev. Stat. § 13-21-131**

**Colorado Constitution Article II, Section 7 – Unreasonable Search and Seizure**

**(Lila Webb Against All Defendants)**

64. Plaintiff hereby incorporates paragraphs 1-63 as if fully set forth herein.

65. Article II Section 7 of the Colorado Constitution forbids unreasonable searches and seizures of persons, papers, and effects.

66. Pursuant to C.R.S. § 13-21-131:

> (1) A peace officer, as defined in section 24-31-901 (3), who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person

to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights, article II of the state constitution, is liable to the injured party for legal or equitable relief or any other appropriate relief.

(2)(a) Statutory immunities and statutory limitations on liability, damages, or attorney fees do not apply to claims brought pursuant to this section. The "Colorado Governmental Immunity Act", article 10 of title 24, does not apply to claims brought pursuant to this section.

(b) Qualified immunity is not a defense to liability pursuant to this section.

67. Article II Section 7 of the Colorado Constitution forbids unreasonable searches and seizures, which include the search and seizure of Ms. Webb in this case as described in paragraphs 1-63, above.

68. Further, no reasonable law enforcement officer would consider Defendant Adams and Defendant McGeeney's warrantless seizure and search of Ms. Webb reasonable or justified under the circumstances. Defendant Adams and Defendant McGeeney engaged in a seizure and search without reasonable suspicion, without probable cause, without an exigent circumstance, without consent, and without a warrant.

69. Defendant McGeeney's actions cannot be reasonable as her actions were in blatant disregard for her own agency's policies. According to the Canon City Police Department (CCPD) Policy Manual, Section 311.2:

It is the policy of the Canon City Police Department to respect the fundamental privacy rights of individuals. Members of this department will conduct searches in strict observance of the constitutional rights of persons being searched. All seizures by this department will comply with relevant federal and state law governing the seizure of persons and property.

70. Defendant McGeeney violated the CCPD policy by engaging in a seizure and search without warrant, without consent, without exigency, without probable cause, and without even reasonable suspicion.

71. The defendants' actions, as described herein, were also malicious, willful, and/or involved reckless, callous, and deliberate indifference to Plaintiff's rights under Article II Section 7 of the Colorado Constitution.

72. Defendants' actions constituted a violation of Mr. Webb's rights secured in Article II, Section 7 of the Colorado Constitution.

73. Plaintiff further seeks injunctive relief against Defendant Adams and Defendant McGeeney, prohibiting them from maintaining P.O.S.T. certification.  C.R.S. § 13-21-131(1) authorizes this court, upon a finding of Defendant's liability, to order "legal or equitable or any other appropriate relief."  Plaintiff believes this injunctive relief, in the form of revoking Defendant Adams' and Defendant McGeeney's P.O.S.T. certification, would be particularly appropriate in this action, not only as a sanction for unlawful behavior, but also in an effort to protect the community from similar injury.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant Adams and Defendant McGeeney, and grant her all relief as allowed by law and equity, including by not limited to:

1.  Declaratory and injunctive relief, as appropriate;

2.  Economic losses on all claims allowed by law in the amount to be determined at trial;

3.  Compensatory and consequential damages, including, but not limited to, damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by the jury;

4.  Punitive damages on all claims allowed by law and in an amount to be determined at trial;

5.  Attorneys' fees and the costs associated with this action under 42 U.S.C. §1988, C.R.S. §13-21-131, including expert witness fees, on all claims allowed by law;

6.  Pre- and post-judgment interest at the lawful rate;

7.  Any further relief that this Court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF DEMANDS A TRIAL TO JURY ON ALL ISSUES SO TRIABLE.**

Dated this 6th day of May, 2026.

Respectfully Submitted by Attorneys for Plaintiff:

**MEHR JOLLY, P.L.L.C.**

 **/s/ Kevin Mehr**

Kevin Mehr, #49108
Mehr Jolly, P.L.L.C.
9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-315-4606
Kevin.Mehr@mehrjolly.com

 **/s/ Tyler A. Jolly**

Tyler A. Jolly, #52361

Mehr Jolly, P.L.L.C.
9996 W U.S. Highway 50, Unit 1090
Salida, CO 81201
Phone: 719-429-7359
Tyler@jollylawcolorado.com

**KOSLOSKI LAW, PLLC**

 **/s/ Jason Kosloski**

Jason Kosloski, #50214
Kosloski, PLLC
1401 Lawrence Street
Denver, CO 80202
Phone: 720-605-6487
Jkosloski@koslloskilaw.com